## MERCED MINING COMPANY vs. FREMONT.

*Thirteenth Judicial District Court, March, 1857.*

### INJUNCTION.

An order of injunction granted at chambers without notice to the adverse party may be superseded, *vacated or modified*, by the judge who made the order, without first giving notice to the other party.

This was a suit in the nature of a bill quia timet.

*S. W. Inge and Cook & Fenner*, for plaintiff.

*R. A. Lockwood, H. G. Worthington & R. H. Daly*, for defendant.

This suit was brought to restrain the defendant from occupying and working certain gold mines in Bear Valley, Mariposa county. The plaintiffs claim to own the mines in question, and deny the validity of the Fremont patent which embraces them. An injunction was issued without notice, and an appeal taken to the Supreme Court—subsequently an undertaking was approved in the sum of ten thousand dollars—upon the filing of which, the injunction was suspended or superseded during the pendency of the appeal.

The injunction contained a clause to the effect that defendants

should not " occupy, or hinder, or molest the plaintiff in his occupancy of the said mines.   By authority of this clause in the injunction order, the plaintiffs attempted to take possession, which was resisted by defendants.   Defendants also resumed their work after the supersedeas had been filed ; whereupon, the plaintiffs applied for an attachment against them for contempt.   The order was refused and an application made to the Supreme Court for a writ of mandamus, which was granted upon the grounds that " an appeal bond " did not operate as a supersedeas to an injunction.   The attachment then went out, and the defendant, E. S. Beard, was brought up and examined.

BURKE, J.—The defendant, E. S. Beard, has been brought before me charged with being in contempt for violating the order of injunction heretofore issued in this cause.

The injunction order was issued on an ex parte showing, at the city of Sacramento.   Application was then made by the defendants to have the injunction " vacated or modified."   This motion was made at San Francisco, without notice to the plaintiff; and it appearing that an appeal had been taken from the order granting the injunction, and that an undertaking in the sum of ten thousand dollars, with good and sufficient sureties, had been filed, in addition to the three hundred dollar undertaking in the appeal ; and it appearing further that the interests of the defendants might suffer great detriment before they could obtain such relief as they might be entitled to in any other way, I authorized the defendants to regard the injunction as superseded until the matter was determined by the Supreme Court.

I regard the ten thousand dollar undertaking as ample indemnity to the plaintiff for all damages which may accrue to him in consequence of the modification of the injunction pending the appeal.

The main question is, can a judge modify or vacate an order of injunction made out of court on an ex parte motion without first causing notice to be given to the adverse party ?

Section 334 of our Practice Act settles the question as to all other orders, but it is denied that that section applies to injunction orders. The provision in the New York Code, section 324, is the same as section 334 of ours.   It was held in New York, up to 1848, that the provision did not apply to injunctions, but since that time it has been held to apply to injunctions the same as to other orders.   Voorhies'

New York Code, p. 572, Bruce *vs.* Delaware and Hudson Canal Company, 8 How. Pr., R. 440.

Unless the defendant disobeyed the order of injunction before the filing of the supersedeas bond, he has committed no contempt.—The proof shows that they quit work on the day the injunction was served, as soon as the "steam went down," and did nothing more except to "clean up the mill," until the supersedeas was filed.

Although enjoined from *working* the mines, pending the suit, yet, being in quiet possession of them, they had a right to defend the possession against the unlawful entry of plaintiff or any body else. And their having done so is no contempt. The words in the injunction forbidding the defendants to "occupy" the premises, can only be construed to mean that they shall not occupy for the purpose of working them. To place any other construction upon those words makes them worse than nugatory.

There would be no use for actions of ejectment, of trial by jury, and of writs of restitution, if one man, by simply procuring a writ of injunction upon an ex parte showing, can oust another from his possession and enter upon it himself. If it were so, Limantour might enjoin and oust the people of San Francisco, and take possession of the city; and Fremont might enjoin the settlers on his "claim" from "occupying" the same; and the mere fiat of a judge would cause an immediate hegira of the whole population.

The defendant is discharged.